IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELVIN FRAZIER
DOC No.: 099699,
    Plaintiff,

vs.                                              Case No.: 3:13cv10/LAC/EMT

J.A. BOWMAN, et al.,
    Defendants.

## ORDER, REPORT AND RECOMMENDATION

      Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint and a motion to proceed in forma pauperis on December 31, 2012 (*see* docs. 1, 2). Plaintiff's motion to proceed in forma pauperis is incomplete in that it does not contain a prisoner consent form. However, requiring him to correct this deficiency would be futile because upon review of Plaintiff's complaint, applicable statutes, and controlling case law, as well as court records, the court finds that Plaintiff is not entitled to proceed in forma pauperis and that his complaint is subject to summary dismissal.

      Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed in forma pauperis. A prisoner who is no longer entitled to

proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact that Plaintiff has had the following three cases dismissed as frivolous, malicious, or for failure to state a claim:

Frazier v. Moore, et al., case no.: 3:03cv8/RH/MCR (N.D. Fla.) (closed 6/5/03);

Frazier v. Buss, case no.: 4:11cv98/SPM/WCS (N.D. Fla.) (closed 7/15/11);

Frazier v. Adams, et al., case no.: 2:12cv14220/JEM/PAW (S.D. Fla.) (closed 8/15/12).

Although these cases were filed in three different federal courts in the Northern and Southern Districts of Florida, Plaintiff's inmate number, 099699, appears in each case. Therefore, it is clear that Plaintiff in this case is the same Kelvin Frazier who brought these other actions. Moreover, in light of these three dismissals, Plaintiff qualifies as a "three-striker" who is no longer entitled to proceed in forma pauperis absent a showing that he is in imminent danger of serious physical injury.

In the instant complaint, Plaintiff, who is currently incarcerated at Union Correctional Institution ("UCI"), sues Defendants J.A. Bowman and C. Courtney of Santa Rosa Correctional Institution. Plaintiff asserts that in 2010, these Defendants retaliated against him for using the inmate grievance procedure by filing a false disciplinary report against him in violation of the Florida Statutes and Administrative Code and the First Amendment to the United States Constitution (doc. 1 at 7–11). Clearly, these allegations do not meet the imminent injury requirement of section 1915(g). Plaintiff complains of events that occurred both in the past and at an institution where he is no longer incarcerated. This situation, while obviously distressing to him, involved no physical injury, either past or present. The complaint contains no suggestion of any threat of imminent physical injury from any Defendant, and furthermore, there could not reasonably be such a threat, because the two Defendants are employed at an institution other than UCI, where Plaintiff is currently housed. Having failed to meet the imminent danger requirement, Plaintiff cannot proceed in forma pauperis.

Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because Plaintiff is not entitled to proceed in forma pauperis, this case should be

dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 16th day of January 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**